UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DAVID SHEEKS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

Case. No. 11-15457
Hon. Lawrence P. Zatkoff

**OPINION AND ORDER ADOPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION**

**I. INTRODUCTION**

Plaintiff filed this action seeking Social Security disability benefits. The matter currently before the Court is Magistrate Judge's Report and Recommendation [dkt 24], in which the Magistrate Judge recommends that Plaintiff's Motion for Summary Judgment [dkt 15] be denied and Defendant's Motion for Summary Judgment [dkt 22] be granted. Plaintiff has filed objections to the Magistrate's Report and Recommendation [dkt 25]. The Court has thoroughly reviewed the court file, the respective motions, the Report and Recommendation, and Plaintiff's objections. For the reasons discussed below, the Court ADOPTS the Magistrate Judge's Report and Recommendation. Plaintiff's Motion for Summary Judgment is DENIED, and Defendant's Motion for Summary Judgment is GRANTED. The Court will, however, briefly address Plaintiff's objections.

**II. ANALYSIS**

Plaintiff raises two objections to the Magistrate Judge's Report and Recommendation. The Court notes at the outset that Plaintiff's Objections are largely based on claims that there is evidence to conflict the ALJ's relied-upon evidence, or that substantial evidence exists to support a finding in Plaintiff's favor

on a particular issue. Even if true, however, these claims are not dispositive if "it is also true that substantial evidence supports [Defendant's] finding." *Casey v. Sec'y of Health & Human Svc's*, 987 F.2d 1230, 1235 (6th Cir. 1993). Thus, to the extent that substantial evidence supports the ALJ's findings, Plaintiff's claims must fail.

### A. FIRST OBJECTION

Plaintiff's first objection is that the Magistrate Judge erred at step three of the evaluation process in regard to Listing 12.05, which pertains to mental retardation. However, as noted by the Magistrate Judge, the ALJ found that Plaintiff had borderline intellectual functioning, a diagnosis that precludes a finding of mental retardation. *See* Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders 740 (4th ed., text rev., 2000). The ALJ's finding of borderline intellectual functioning at Step Two did not require her at Step Three to discuss whether Plaintiff had mental retardation. Moreover, the ALJ's conclusion that Plaintiff had borderline intellectual functioning—rather than mental retardation—is supported by substantial evidence: the consultative examiner who performed the IQ test diagnosed borderline intellectual functioning; no mental health professional ever diagnosed anything more; a previous consultative examiner did not think Plaintiff had any mental retardation, borderline intellectual functioning, or a personality disorder; Plaintiff does not cite any deficits in his adaptive functioning that would suggest mental retardation; Plaintiff's past work history was semiskilled, and thus contradictory to a claim of mental retardation. Thus, substantial evidence exists to support Defendant's findings and denial of benefits.

### B. SECOND OBJECTION

Second, Plaintiff objects to the Magistrate Judge's concurrence with the ALJ's finding that Plaintiff could "understand, retain, and follow simple instructions and perform simple, repetitive, and routine tasks." Plaintiff asserts, once again, that such a reading inaccurately portrays Dr. Mills' findings,

which actually stated that the ability to "understand, retain, and follow simple instructions and perform simple, repetitive, and routine tasks" was "*mildly impaired.*" Dr. Mills' statement that these abilities were "mildly impaired" does not preclude a finding that Plaintiff was capable of a significant range of "simple, repetitive, and routine tasks," nor does it necessitate a finding that the ALJ mischaracterized the consultive examiner's conclusions. Dr. Mills' finding—that Plaintiff's ability to "understand, retain, and follow simple instructions" was *mildly* impaired (as opposed to moderately, markedly, or extremely)—indicates limitations that do not create "more than a minimal limitation in [the] ability to do basic work activities." 20 C.F.R. § 404.1520a (d)(1).

Moreover, a February 2009 Mental Residual Functional Capacity Assessment, based on Dr. Mills' findings, concluded that Plaintiff's ability to understand, remember, and carry out very simple instructions was "not significantly limited". The assessment concurred with the ALJ's characterization of Dr. Mills' findings, noting that Plaintiff retained the ability to do simple unskilled tasks on a regular basis. As the Magistrate Judge noted, the mere exclusion of the modifier "mildly impaired" does not undermine non-examining findings.

As such, the ALJ's conclusions are supported by substantial evidence and are not inconsistent with Dr. Mills' findings.

### C. THIRD OBJECTION

Plaintiff's third objection is that the ALJ inadequately accounted for Plaintiff's purportedly severe impairment of Carpal Tunnel Syndrome ("CTS") in the hypothetical questioning and RFC determination, and that the Magistrate Judge concurred with the ALJ's finding. Plaintiff argues that the Magistrate Judge bases this conclusion on his own opinion of the medical evidence of record, thereby engaging in an improper post hoc review of the evidence.

To support his claim that the record showed a severe impairment due to CTS, Plaintiff cites to grip strength test results purportedly showing that Plaintiff's grip strength was substantially below normal,

and on Plaintiff's reports of "catching and locking of his right long finger." Plaintiff also notes that Dr. Louis explained that the Plaintiff needed properly fitting wrist splints that would need to be custom made, and that Plaintiff would require "activity modification when he becomes symptomatic."

Yet even if this constitutes "substantial evidence" to support a finding of a severe impairment, this does not preclude a finding—based on other, conflicting "substantial evidence"—that no severe impairment existed. While even acknowledging that Plaintiff's testimony, by itself, may be compelling as to the severity of the CTS, the Magistrate Judge notes unequivocally that the treating and examining records present a different story. The Magistrate Judge points to other substantial evidence undermining Plaintiff's claim: while the January, 2009 nerve conduction studies showed some degree of CTS, the condition was characterized by Dr. Louis as "mild"; despite Plaintiff's claims that he did not pursue surgery due to his lack of health insurance, the record shows that he was in fact covered by an insurance plan at the time of the examination by the orthopedic surgeon, but was informed by Dr. Louis that he was not a surgical candidate; one month after being examined by Dr. Louis, Plaintiff did not demonstrate problems performing manipulative activities; and a Residual Functional Capacity Assessment found that Plaintiff was able to lift 50 pounds occasionally and 25 pounds frequently with no manipulative limitations. As such, substantial evidence exists to support the ALJ's decision with respect to Plaintiff's CTS.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment [dkt 15] is DENIED, and Defendant's Motion for Summary Judgment [dkt 22] is GRANTED.

IT IS SO ORDERED.

Date: March 27, 2013                                          s/Lawrence P. Zatkoff
                                                              LAWRENCE P. ZATKOFF
                                                              UNITED STATES DISTRICT JUDGE